PETERS, J.,
concurring.
Iil join with the majority in the decision to affirm the judgment of the workers compensation judge (WCJ) awarding workers’ compensation benefits to Ronald Sorile. Additionally, I concur in the result reached in rejecting Mr. Sorile’s claim for penalties and attorney fees at the trial level as well as his claim for attorney fees for work performed on appeal. However, I do not agree with the manner of disposition of the claims raised by Mr. Sorile.
Mr. Sorile raised the issues of penalties and attorney fees by filing an answer to the appeal of Lott Oil Company, Inc. (Lott Oil). The majority refuses to consider the issues raised in the answer based on their interpretation of La.Code Civ.P. art. 2088(A). Specifically, the majority reaches the conclusion that the WCJ “became divested of jurisdiction over all matters on appeal” when it granted the appeal to Lott Oil on September 22, 2014. According to the majority, from that point forward, Mr. Sorile could only file his answer to the appeal in this court. I disagree with that analysis.
The majority quotes part of the first paragraph of La.Code Civ.P. art. 2088(A) in support of their rejection of Mr. Sorile’s answer to the appeal. However, the language deleted is of critical importance in interpreting that Article. J^The full paragraph and the pertinent language that follows the quoted language reads:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
[[Image here]]
(6) Grant an appeal to another party[.]
(Emphasis added.)
Thus, clearly the WCJ had not lost jurisdiction to grant an appeal to Mr. Sorile.
In this case, however, Mr. Sorile did not seek an appeal of the WCJ judgment. Instead, he chose to file an answer to the appeal as provided for in La.Code Civ.P. art. 2133(A). Compliance with that Article requires no order from the trial court, and the Article provides in part that “[t]he answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.” (Emphasis added.) The appellee “must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later.” Id.
The record was lodged with this court on October 31, 2014; and the return date was set first for November 24, 2014, and finally for November 30, 2014. Mr. Sorile filed his answer into the record on September 30, 2014, or well within the fifteen-day outer limit set in La.Code CivJP. art. 2133(A). Nothing in La.Code Civ.P. art. 2133(A) requires an appellee to wait until after the lodging of the record or the return date to file an answer to the appeal, and when the record was lodged with this court, Mr. Sorile’s answer was lodged as a part of that record. It is ^significant to *187 note that La.Code Civ.P. art. 2133 falls within that section of the Louisiana Code of Civil Procedure related to the procedure appealing at the trial level and not the procedure in the appellate courts.
Although I find that the majority erred in not considering Mr. Sorile’s answer to appeal, my review of the record before us causes me to conclude that his request for penalties and attorney fees lacks merit and that the WCJ did not err in rejecting his claims in that regard. For those same reasons, I would reject his claim for an award of attorney fees for work performed on appeal. Thus, I concur in the ultimate result reached by the majority.